UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:26-cv-20830-GAYLES

CBS STUDIOS INC.,

    **Plaintiff,**

v.

CUSTOMSPIG.COM a/k/a
MAKERHUMAN.COM, AN
INDIVIDUAL, BUSINESS ENTITY, OR
UNINCORPORATED ASSOCIATION,

    **Defendant.**               /

## ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3) (the "Motion"). [ECF No. 5]. The Court has reviewed the Motion and the record and is otherwise fully advised.

In the Motion, Plaintiff requests an order authorizing alternative service of process on Defendant via electronic mail ("e-mail") and website posting. Plaintiff contends that electronic service by these means is sufficient to provide notice to Defendant, who Plaintiff believes resides in or operates from Singapore and has established Internet-based businesses and utilize electronic means as reliable forms of contact. *See* [ECF No. 5-1].

Rule 4(h)(2) of the Federal Rules of Civil Procedure describes the various ways in which a plaintiff may serve foreign entities and incorporates the service methods set forth in Rule 4(f). Rule 4(f)(3), in turn, provides that service may be accomplished "by other means not prohibited by international agreement, as the court orders." Notably, alternative methods of service under

Rule 4(f)(3) are available without first attempting service by other means. *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002). "So especially in a circumstance where service upon a foreign corporation under Rule 4(f)(1) or 4(f)(2) has been cumbersome, district courts have broad discretion under Rule 4(f)(3) to authorize other methods of service that are consistent with due process and are not prohibited by international agreements." *Brookshire Brothers, Ltd. v. Chiquita Brands Int'l, Inc.*, Case No. 05-CIV-21962, 2007 WL 1577771, at *2 (S.D. Fla. May 31, 2007) (citing *Prewitt Enters., Inc. v. Org. of Petroleum Exporting Countries*, 353 F.3d 916, 921, 927 (11th Cir. 2003)).

For the following reasons, the Court finds that alternative service of process under Rule 4(f)(3) is warranted here. First, although the United States and Singapore are signatories to the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters ("Hague Convention"), the Hague Convention does not specifically preclude service by e-mail and website posting. The Court notes that Singapore has declared that it opposes the alternative means of service outlined in Article 10 of the Hague Convention, including service of process by postal channels. *See* [ECF No. 5-1]. However, the objection is specifically limited to the means of service enumerated in Article 10, and Singapore has not expressly objected to service via e-mail or website posting. *Id*. Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as e-mail or website posting. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, Case No. 15-cv-20590, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 658 U.N.T.S. 16, is limited to the specific forms of service

objected to). A court acting under Rule 4(f)(3) therefore remains free to order alternative means of service where, as here, a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Accordingly, the requested service methods are not prohibited by international agreement.

Second, Defendant uses at least one known and valid form of electronic contact to conduct its Internet-based business; and Plaintiff has created a website for the sole purpose of providing notice of this action to Defendant, the address to which will be provided to Defendant's known e-mail accounts and onsite contact forms. Therefore, service via e-mail and through posting on a designated website is "reasonably calculated, under all circumstances, to apprise [Defendant] of the pendency of the action and afford them an opportunity to present their objections." *See Brookshire Brothers, Ltd.*, 2007 WL 1577771, at *1. Thus, the Court will exercise its discretion to allow service on the Defendant through e-mail and website posting.

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion for Order Authorizing Alternate Service of Process on Defendant Pursuant to Federal Rule of Civil Procedure 4(f)(3), [ECF No. 5], is **GRANTED** as follows:

1. Plaintiff shall serve a summons, Complaint, and all filings and discovery in this matter upon Defendant via e-mail by providing the address to Plaintiff's designated serving notice website to Defendant via the e-mail accounts provided by Defendant (i) as part of the data related to its e-commerce stores, including customer service e-mail addresses and/or onsite contact forms, or (ii) via the registrar of record for each of the e-commerce stores. *See* Motion [ECF No. 5 at 3], which lists Defendant's E-commerce Store Names and associated means of contact; or

2. Plaintiff shall serve the Complaint, the summons, and all current and future filings in this matter upon Defendant via website posting by posting a copy of the same on Plaintiff's

designated serving notice website appearing at the URL http://servingnotice.com/CBScU4/index.html.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 12th day of February, 2026.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE